**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VICTOR ZANAZZI, on behalf of himself,
and those similarly situated,

     Plaintiff,                                      Case No:  8:18-cv-02924-WFJ-JSS

vs.

THE FOUNTAIN GROUP LLC,
a Florida profit company,

     Defendant.
_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW OF SETTLEMENT AGREEMENTS, TO APPROVE SETTLEMENTS AND FOR DISMISSAL WITH PREJUDICE**

Plaintiffs, VICTOR ZANAZZI ("Zanazzi") and ANDREW WILLIAMS ("Williams") and Defendant, THE FOUNTAIN GROUP LLC, by and through undersigned counsel, hereby file this Joint Motion For *In Camera* Review of the Settlement Agreements, to Approve the Settlements, and Dismissal with Prejudice and respectfully states as follows:

**BACKGROUND**

1. On December 3, 2018 Plaintiff Zanazzi filed the Complaint in this cause.

2. On March 21, 2019 Andrew Williams filed an "opt-in" joining the pending litigation as a Plaintiff.

3. Although Defendant disputed whether Zanazzi or Williams were owed any overtime compensation, pay records and time records were provided to Plaintiffs' counsel. Notwithstanding the Parties' disagreement over the legal and factual merits of the allegations and the scope of any potential damages, the Parties then engaged in extensive settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

4. The Parties separately negotiated the three main elements of the settlement between the parties: (1) alleged unpaid and owed compensation and liquidated damages; (2) confidentiality and corresponding consideration; and (3) reimbursement of attorneys' fees and costs.

5. The Parties reached an Agreement on the primary terms of a complete resolution of this matter on Sunday, June 2, 2019. On June 8, 2019 the Parties fully executed the Settlement Agreements.

6. Because Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), the Parties are submitting the Agreement for the Court for approval *in camera*.

7. The Parties respectfully submit that the Settlement Agreements should be approved and reviewed *in camera* and that the action should be dismissed with prejudice. The parties separately negotiated the attorneys' fees of Plaintiffs' counsel, confidentiality, and the amounts payable to the Plaintiffs were not reduced or affected in any way as a result of the Parties' agreement regarding the payment of Plaintiffs' counsel's fees and litigation costs as well as confidentiality.

8. During settlement negotiations, the Parties agreed to include a confidentiality provision in the Agreement and bargained for that provision. This provision is a material term of the Agreement and is a key part of the benefit of the bargain for the Defendant. Therefore, the Parties request that the Court review the Agreements *in camera*, and are submitting their Agreement to the Court under separate cover. *See e.g. Whitaker v. Kablelink Communications, LLC, et al.* Case No. 8:13-cv-2093-JSM-MAP (M.D. Fla., D.E. 57, April 29, 2014) (approving Joint Motion for In Camera Approval of Settlement Agreements); *Guenther v. Funlan Theatres & Swap Shop, Inc.,* Case No. 8:13-cv-02871-JSM-EAJ (M.D. Fla., D.E. 16, April 17, 2014)

(approving motion for *in camera* review of FLSA settlement agreement); *Sarazen v. Burger King Corporation,* Case No. 8:12-cv-01875 (M.D. Fla., D.E. 18, February 4, 2013) (approving FLSA settlement agreement submitted for *in camera* review).

## MEMORANDUM OF LAW

### I. The Settlement Agreements Are Fair and Reasonable

The parties agree that the Settlement Agreements are fair and reasonable resolution of a bona fide dispute and that the Settlement Agreements are fair and should be approved.

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* In the instant case, both Plaintiffs and the Defendant were represented by counsel. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

Though there are not specific criteria set forth in *Lynn Foods* as to what constitutes fairness, the 11th Circuit and this district have outlined several factors that are useful in making that determination. See, *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 (11th Cir. 1994)(citing *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir.1984)). These factors are as follows:

3

>  (1) the existence of fraud or collusion behind the settlement;
>
>  (2) the complexity, expense, and likely duration of the litigation;
>
>  (3) the stage of the proceedings and the amount of discovery completed;
>
>  (4) the probability of plaintiff's success on the merits;
>
>  (5) the range of possible recovery; and
>
>  (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citing *Pessoa v. Countrywide Home Loans, Inc.,* 2007 WL 1017577, at 3 (M.D. Fla. 2007) (quoting *Leverso* at 1531)). "When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair." *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, *3 (M.D. Fla., Apr. 2, 2007). (internal quotation marks omitted). "Moreover, the Court is aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id*. (internal quotation marks omitted).

### i.  The existence of fraud or collusion behind the settlements

There are no facts, allegations or even the indication of same that the Settlement Agreements were a result of fraud or collusion behind such agreement.

### ii.  The complexity, expense, and likely duration of the litigation

The parties agree that this was not a complex case and that the dispute centered around the calculation of overtime compensation and monies allegedly owed that were withheld by the employer.

### iii. The stage of the proceedings and the amount of discovery completed

The parties exchanged relevant information and worked together collaboratively so as to efficiently and equitable negotiate a settlement. The case was essentially at the beginning stage.

### iv. The probability of plaintiffs' success on the merits

The parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed a Settlement Agreements regarding Plaintiffs' claims. The Parties agree that the Settlement Agreements represents a fair and reasonable resolution of Plaintiffs' claims.

### v. The range of possible recovery

For the reasons mentioned in prong iv, above, the range of recovery for Plaintiffs was disputed . Nonetheless, under the circumstances, Plaintiffs believe the Settlement Agreements provide fair and reasonable compensation for their claims for unpaid overtime and liquidated damages, particularly considering the vagaries of litigation. The agreed attorneys' fees and costs were negotiated and agreed upon separately and without regard to the amount being paid to settle the claim for unpaid overtime wages and liquidated damages. As such, this amount does not affect the fairness and reasonableness of the settlement. The Settlement Agreements are fair and reasonable because the parties were able to eliminate the risk of exposure to damages and/or costs and attorney's fees.

Upon resolution of Plaintiffs claims, the parties negotiated and agreed upon Plaintiffs' attorneys' fees and costs as well as a payment for confidentiality separate and apart from the amount being paid to Plaintiffs.

### vi. The opinions of the counsel

Counsel believes the settlements are fair and reasonable.

## II. Conclusion

For the reasons set forth above, the parties respectfully request this court adopt the Confidential Settlement Agreements and dismiss the matter with prejudice.

WHEREFORE, Plaintiffs, VICTOR ZANAZZI and ANDREW WILLIAMS and Defendant, THE FOUNTAIN GROUP LLC requests the Court enter an Order (1) approving *in camera* review of the Settlement Agreements (2) approving the terms of the Confidential Settlement Agreements of the parties (2) and (3) dismiss the action with prejudice against the Defendant.

Respectfully submitted this 13th day of June, 2019.

| */s/ Benjamin Briggs* | */s/ Jeffrey Gibson* |
|---|---|
| **Trenton H. Cotney, Esq.** | **Jeffrey W. Gibson, Esq.** |
| Florida Bar Number: 176214 | Florida Bar Number: 568074 |
| **Benjamin S. Briggs, Esq.** | **Thomas R. Farrior, Esq.** |
| Florida Bar Number: 113814 | Florida Bar Number: 111965 |
| Primary email: tcotney@cotneycl.com | Primary email: jg@macfar.com |
| bbriggs@cotneycl.com | trf@macfar.com |
| Secondary email: courtfilings@cotney.com | Secondary email: ala@macfar.com |
| Attorneys for Plaintiffs | Attorneys for Defendant |

**MACFARLANE FERGUSON & MCMULLEN**
201 N. Franklin Street, Suite 2000
Tampa, Florida 33602
Telephone:   813-273-4200
Fax:             813-273-4396
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via CM/ECF to Benjamin S. Briggs, Esq., bbriggs@cotneycl.com; Trenton H. Cotney, Esq., tcotney@cotneycl.com, courtfilings@cotneycl.com, Cotney Construction Law, LLP, 8621 E. Martin Luther King Jr., Blvd., Tampa, FL 33610, Counsel for Plaintiff, this 13th day of June, 2019.

*/s/ Jeffrey W. Gibson*
**Jeffrey W. Gibson, Esq.**
Florida Bar Number: 568074